# In the United States Court of Federal Claims

No. 23-43C
(Filed: December 14, 2023)
**NOT FOR PUBLICATION**

```
******************************************
BRIAN KEITH MULLEN,                     *
                                        *
              Plaintiff,                *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
              Defendant.                *
                                        *
******************************************
```

## OPINION AND ORDER

Plaintiff Brian Keith Mullen — proceeding *pro se* — seeks correction of his military records, an upgrade in the characterization of his discharge, veteran benefits, and monetary relief. *See* Compl. at 3 (ECF 1). The government has filed a motion to dismiss or, alternatively, for judgment on the administrative record. *See* Def.'s Mot. (ECF 11); *see also* Administrative Record (ECF 10) ("AR"). Plaintiff's motion to file a corrected response (ECF 14) is **GRANTED**. *See* Pl.'s Corrected Opp. (ECF 14-1); *see also* Def.'s Reply (ECF 15). Defendant's motion to dismiss is **GRANTED**. The case is **DISMISSED**.

## BACKGROUND

Plaintiff enlisted in the Army in 1976. AR 198. In a response to a question on his application form about past contact with police or judicial authorities, he listed a single speeding violation. AR 298–99. He failed to disclose several criminal charges. AR 143–46. Plaintiff claims he left that information out because of false statements by an Army recruiter. AR 4, 17. But the omission was discovered later that year. In October 1976, Plaintiff was discharged from the Army with no defined service characterization. AR 147–48, 183, 189.

Plaintiff requested an upgrade in the characterization of his discharge from Army Board for Correction of Military Records ("ABCMR") in 2011. AR 132–33. The ABCMR denied his request the next year. AR 180–86. The ABCMR denied a request for reconsideration in 2013, AR 110–15, and denied a request for a change in the

narrative reason for his discharge in 2022, AR 1–10. Plaintiff filed his complaint in this Court earlier this year.

## DISCUSSION

Plaintiff's main claim is that he was wrongfully discharged from the Army. Pl.'s Corrected Opp. at 9; *see Hurick v. Lehman*, 782 F.2d 984, 986 (Fed. Cir. 1986). Claims of wrongful discharge are within this Court's Tucker Act jurisdiction. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003); 37 U.S.C. § 204.

All claims before this Court are barred, though, if filed more than six years after the claim first accrued. 28 U.S.C. § 2501; *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132–34 (2008). Wrongful discharge claims generally accrue at the time of discharge. *Martinez*, 333 F.3d at 1303. If the ordinary statute of limitations applies, Plaintiff's claim expired more than forty years ago. AR 189.

Plaintiff argues that the statute of limitations should be tolled because he needs the opportunity to "develop the facts surrounding his statements made to the Recruiter and the Recruiter's actions." Pl.'s Corrected Opp. at 10. This Court's statute of limitations cannot be tolled. *Thompson v. United States*, No. 09-264 C, 2009 WL 2253691 (Fed. Cl. July 24, 2009), *aff'd*, 480 F. App'x 575 (Fed. Cir. 2012); *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008); *John R. Sand*, 552 U.S. 134–36. Separate from tolling, a claim in this Court does not accrue when the government conceals it or there is no way for the injured party to know about it. *Young*, 529 F.3d at 1384. But even then, the claim accrues when a plaintiff knows or should know the facts he needs to state a claim — not when he has all the facts he would like to prove on the merits. *Banks v. United States*, 741 F.3d 1268, 1279–80 (Fed. Cir. 2014). Plaintiff has evidently believed all along that he was discharged from the Army based on false statements he made on a recruiter's advice, AR 167, 175, so he could have filed his wrongful discharge claim at any time. The undeveloped facts that Plaintiff mentions therefore do not delay accrual of the claim.

Plaintiff may also be seeking medical disability retirement or benefits from the Department of Veterans Affairs. Compl. at 2, 3. This Court has no jurisdiction over benefits administered by the Department of Veterans Affairs. *Carlisle v. United States*, 66 Fed. Cl. 627, 633 (2005); *Van Allen v. United States*, 66 Fed. Cl. 294, 295–96 (2005). This Court does have jurisdiction over claims for military disability retirement. *Fisher v. United States*, 402 F.3d 1167, 1174–75 (Fed. Cir. 2005) (citing *Sawyer v. United States*, 930 F.2d 1577, 1580 (Fed. Cir. 1991)). However, claimants for disability retirement must satisfy an administrative exhaustion requirement before suing in this Court. *Chambers v. United States*, 417 F.3d 1218, 1225 (Fed. Cir.

2005). Plaintiff has not raised a claim for disability retirement in any of his appearances before the ABCMR and is thus precluded from doing so here.

That leaves only Plaintiff's claims for military record correction and a discharge upgrade. Those claims, because they do not seem to involve a right to money, are only within this Court's jurisdiction if connected to a claim for monetary relief. *Evans v. United States*, 748 F. App'x 979, 984 (Fed. Cir. 2018); *Voge v. United States*, 844 F.2d 776, 781 (Fed. Cir. 1988). Because Plaintiff has not raised any claims for money that this Court can address, he cannot pursue those other claims by themselves.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's motion to file a corrected response is **GRANTED**. The case is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge